492

STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V.
STATE BANK OF OMAHA, APPELLEE: NEW AMSTERDAM
CASUALTY COMPANY, INTERVENER, APPELLANT.

FILED NOVEMBER 10, 1933. No. 28622.

*Howell, Tunison & Joyner,* for appellant.

*A. M. Morrissey, F. C. Radke, Barlow Nye* and *G. E. Price,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ., and BEGLEY and HORTH, District Judges.

GOOD, J.

This appeal involves the classification of claims against an insolvent state bank. Intervener sought allowance of two claims, with a classification of deposits "not otherwise secured." The trial court allowed them as general claims. Intervener has appealed.

The record discloses that the State Bank of Omaha had been duly designated as a depository for the funds of the city of Omaha and also for the funds of the county of Douglas. To secure the city funds, the bank gave a depository bond, with intervener, New Amsterdam Casualty Company, as surety, the bank paying the premium

for the bond. A bond was also given to the county for security of its funds, with intervener as surety. On this bond the county paid the premium. None of the bank's assets were used in securing the county deposit. When the bank was closed because of insolvency the city had on deposit $8,676.09 and the county $40,000. Intervener paid to the city and county, respectively, the amount of their deposits, took from each an assignment of its claim against the bank, and presented them for allowance.

It is conceded that, by the payment of the amount of the deposits to the city and county and by taking assignments from them, the intervener has become subrogated to all the rights of the city and county. The receiver contends that because depository bonds were given the claims are "otherwise secured" and were properly allowed as general claims only.

The questions presented by this appeal depend upon the proper interpretation of section 8-1,102, Comp. St. 1929, which, in so far as applicable to the present controversy, reads: "The claims of depositors, for deposits, not otherwise secured, * * * shall have priority over all other claims, except * * * taxes, and subject to such taxes, shall at the time of the closing of a bank be a first lien on all the assets of the banking corporation * * * and, upon proof thereof, they shall be paid immediately out of the available cash in the hands of the receiver. If the cash in the hands of the receiver available for such purposes, be insufficient to pay the claims of depositors whose deposits are not otherwise secured, * * * the court in which the receivership is pending, or a judge thereof, upon hearing shall determine the amount required to supply the deficiency and cause the same to be certified to the department of trade and commerce as a claim entitled to the benefits of the depositors' final settlement fund." Previous to the adoption of this section in its present form in 1929, the language was substantially the same except that depositors' guaranty fund was used instead of depositors' final settlement fund. The interpre-

tation of this section has been before this court on two occasions.

In *State v. First State Bank of Alliance,* 122 Neb. 109, it was held: "A city that exacts from a state bank collateral security for deposits, receives the proceeds of the security after insolvency of the bank and presents to the receiver a claim for excess of deposits over such proceeds, is in the class of depositors 'otherwise secured' and not entitled to share the assets of the bank on an equality with depositors in the class 'not otherwise secured,' within the meaning of the statute providing that depositors and holders of exchange in the latter class shall have the first lien, with the exception of taxes."

In *State v. First State Bank of Alliance,* 122 Neb. 502, it was held: "Where a county deposits its funds in a state bank and exacts as security therefor a pledge of some of the bank's assets, and also exacts a depository bond as further security, such deposit is one otherwise secured and is not entitled to share a lien on the assets of the bank on an equality with depositors in a class not otherwise secured."

In each of the above cases assets of the bank were pledged to the depositors, and the depositors thus secured a preference over other depositors to the extent that the assets of the bank were pledged. In those cases it was properly determined that the claims were "otherwise secured" and were not entitled to the lien afforded by the statute to depositors "not otherwise secured."

Intervener's first cause of action is based on the deposit made by the city of Omaha. Some portion of the bank's assets was used to pay the premium on the city's depository bond. Clearly, that cause of action is ruled by the decisions in the two cases above cited. The district court properly allowed intervener's claim, based upon the deposit, as a general claim and not entitled to the preferential lien given depositors whose claims are "not otherwise secured."

A different situation exists as to intervener's second

cause of action. Whether a deposit that is secured at the expense of the depositor, and where no part of the bank's assets is used in procuring such security, is to be classified as "otherwise secured," has not been heretofore determined by this court.

Counsel for the receiver cite and rely upon *State v. First State Bank of Alliance*, 122 Neb. 502, wherein it was held: "Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." It must be borne in mind that the language was used with reference to the character of the claim then before the court, and with reference to that claim the language was pertinent. The language there used was not intended as applicable to a situation presented in intervener's second cause of action. In the body of the opinion in that case it was said (p. 509): "In this connection, it may be observed that a brief *amici curiæ* has been filed in this case, which contends that where a depositor takes an indemnity bond to secure himself, and pays for the bond, and such bond is not paid for by the bank, nor any assets of the bank pledged, either to the depositor or to the surety on the bond, he is entitled to participate in the lien granted to depositors, not otherwise secured, and to participate in the depositors' final settlement fund. That question is not involved in this case and is not here decided." So it appears clearly that the ruling in that case was not intended as applicable to a situation now under consideration.

As long as there was a depositors' guaranty fund, or a depositors' final settlement fund, which, as has been heretofore held, was a trust fund created by the legislature, the latter could prescribe any conditions that it saw fit as to what class or classes of persons might share in such funds, but the depositors' guaranty fund and depositors' final settlement fund no longer have legal existence, as was held by this court in *Hubbell Bank v. Bryan*, 124 Neb. 51.

It follows that the lien provided by the section of the statute above quoted can only attach to the assets of the bank. The question then arises: Is the attempted classification of depositors who may share in the lien on the assets of the insolvent bank an arbitrary classification, or one without any reasonable basis therefor?

The rule is well established that the legislature may, for the purpose of legislation, classify persons, places, objects or subjects, but such classification must rest upon some difference in situation or circumstance which, in reason, calls for distinctive legislation for the class. The class must have a substantial quality or attribute which requires legislation appropriate or necessary for those in the class which would, be inappropriate or unnecessary for those without the class. *State v. Bauman,* 120 Neb. 77, and cases therein cited.

We are of opinion that, if the literal wording of the statute is to be followed, the classification of depositors secured, if it was intended to include depositors whose only security is that procured by themselves, without any expense to the bank, or without any charge upon the bank's assets, would be arbitrary and unreasonable.

From all the banking legislation enacted in this state, it is apparent that one main purpose of the legislature was protection for the claims of depositors, and that depositors should have a lien upon all the assets of the bank when it became insolvent; that the bank's assets should not be used or pledged to secure any deposits other than deposits of public funds. A depositor who has taken the precaution to insure his deposit in the bank, without any expense to the bank and without impairing the claims of other depositors in any degree, is, in justice and reason, on the same footing as any other depositor with respect to the right to share in the assets of the bank.

The contention made by the receiver in this case, if upheld, would probably require us to hold that the classification of depositors in section 8-1,102, Comp. St. 1929,

is unconstitutional. However, we are not driven to that extremity. A familiar rule of statutory construction is that where a statute is fairly susceptible of two constructions, one of which would render it invalid and the other valid, the latter is to be preferred.

Considering all the statutes upon the subject of banking and the general purpose of the legislature, as disclosed by the several legislative acts, we are impelled to the view that, by the term "otherwise secured," the legislature intended to exclude from participation in the lien on the bank's assets only such depositors as take security for their deposits, and in some degree deplete the assets of the bank and to that extent secure an advantage over other depositors.

It necessarily follows that intervener's claim, as set forth in its second cause of action and based upon the deposit made by the county, was "not otherwise secured," within the proper meaning of section 8-1,102, Comp. St. 1929.

The judgment on first cause of action is affirmed; on second cause of action reversed, and the latter remanded, with instructions to enter judgment thereon in conformity with this opinion.

AFFIRMED AS TO FIRST CAUSE OF ACTION:
REVERSED AS TO SECOND CAUSE OF ACTION.